UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

RONECA ECHOLS,

     Plaintiff,

 -vs-

                          Case No.
                          Hon.

EXPRESS AUTO, INC.,

     Defendant.

## COMPLAINT & JURY DEMAND

Plaintiff, Roneca Echols states the following claims for relief:

## Jurisdiction

1.    This court has jurisdiction under the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.* and 28 U.S.C. §§ 1331, 1337.

2.    This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims under 28 U.S.C. § 1367.

## Parties

3.    The Plaintiff to this lawsuit is Roneca Echols who resides in Kalamazoo, MI.

4.    The Defendant to this lawsuit is Express Auto, Inc. which is a Michigan Corporation doing business in Michigan and which by statute and condition of licensing, may be served through the Michigan Department of State, Compliance Division, 3rd Floor – Treasury Building, 430 W. Allegan Street, Lansing, MI 48918.

## Venue

5.    The transactions and occurrences which give rise to this action occurred in Kalamazoo

County.

6.      Ms. Echols is a citizen of the State of Michigan and resides in Kalamazoo County.

7.      Venue is proper in the Eastern District of Michigan.

### Fact Summary

8.      During the month of November 2017, Ms. Echols attempted to purchase a car from Express Auto of Kalamazoo.

9.      She made multiple trips to the dealership to purchase a car.

10.     Each time, she completed a credit application.

11.     Each time, she brought a co-signer.

12.     Each time, Express Auto denied her application.

13.     Each time, Express Auto failed to give Ms. Echols an Adverse Action Notice.

### General Allegations as To Express Auto

14.     On or about November 2017, Ms. Echols went to the business place of Express Auto for the purpose of purchasing a vehicle.

15.     Ms. Echols spoke to Express Auto salesman Billy Mathis ("Mr. Mathis").

16.     Ms. Echols completed a credit application.

17.     Marcell Ross ("Mr. Ross"), her nephew, applied as the co-signer.

18.     Mr. Mathis told them the application was denied because Mr. Ross could only have two loans in Michigan.

19.     Express Auto took Adverse Action on the application of Ms. Echols and Mr. Ross.

20.   Express Auto did not give Ms. Echols an Adverse Action Notice.

21.   Later that month, Ms. Echols returned to the dealership.

22.   She again completed a credit application.

23.   Candace Hampton ("Ms. Hampton"), her nephew's girlfriend and a member of Ms. Echols' household, applied as the co-signer.

24.   They provided paystubs and references.

25.   An Express Auto employee told them the application was denied because Ms. Echols and Ms. Hampton were not in a romantic relationship.

26.   Express Auto took Adverse Action on the application of Ms. Echols and Ms. Hampton.

27.   Express Auto did not give Ms. Echols an Adverse Action Notice.

28.   Again, Ms. Echols returned to the dealership.

29.   She again completed a credit application.

30.   Dwanda Pearson ("Ms. Pearson"), applied as a co-signer by phone.

31.   On November 6, 2017, Ms. Echols sent Mr. Mathis the paystubs of Ms. Pearson via electronic mail.

32.   On November 6, 2017, Ms. Echols sent the list of references for Ms. Pearson to Mr. Mathis via electronic mail.

33.   Ms. Pearson was unable to visit the dealership personally to execute the credit application due to her work schedule.

34.   Express Auto took Adverse Action on the application of Ms. Echols and Ms. Pearson.

35.   Express Auto acted on each of Ms. Echols' application as submitted.

36.   Express Auto took adverse action on each credit application as that term is defined in 15 U.S.C. § 1691(d) and its implementing regulations.

37.   Express Auto failed to provide Ms. Echols with a notice of adverse action compliant with the requirements of the ECOA as required by 15 U.S.C. § 1691 and its implementing regulations.

38.   Express Auto violated the ECOA.

39.   Express Auto failed to keep a record of its actions on each application for credit in relation to Ms. Echols and its adverse action against Ms. Echols.

## Count I -- Equal Credit Opportunity Act (Express Auto)

40.   Ms.  Echols incorporates the preceding allegations by reference.

41.   Express Auto is a creditor for purpose of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq*.

42.   Following the receipt of the complete application for credit by Ms. Echols, Express Auto was required to make a credit decision within 30 days.

43.   Based upon that credit application Express Auto denied credit, or alternatively refused to extend credit on substantially similar terms to those applied for by Ms. Echols, or alternatively failed to render its credit decision within 30 days.

44.   Express Auto discriminated against Ms. Echols and Ms. Hampton on the basis of marital status.

45.   Ms. Echols did not accept any credit from Express Auto.

46.   Express Auto took adverse action for purposes of the ECOA.

47.   Express Auto was otherwise required to provide an adverse action notice to Ms. Echols.

48.   Express Auto failed to issue the adverse action notice to Ms. Echols which the ECOA requires of users of consumer credit reports who take adverse action.

49.   This failure to issue an adverse action notice constituted a negligent violation of the ECOA, 15 U.S.C. § 1691 by Express Auto; alternatively, this failure to issue an adverse action notice constituted a willful violation of the ECOA, 15 U.S.C. § 1691 by Express Auto.

50.   Express Auto has inadequate policies or procedures in place to comply with the ECOA's adverse action notice requirements.

51.   The ECOA requires that all creditors maintain records of consumer transactions for a period of 25 month.  12 CFR 202.9(g); 12 CFR 1002.9.

52.   Express Auto has failed to maintain proper records of its credit actions in violation of the ECOA.

53.   This failure to properly maintain records constituted a negligent violation of the ECOA, 15 U.S.C. § 1691 et seq. by Express Auto; alternatively, this failure to properly maintain records constituted a willful violation of the ECOA, 15 U.S.C. § 1691 et seq.

54.   Ms.  Echols suffered damages by this violation of ECOA.


**Count II -- Special Request for Equitable Relief (Express Auto)**

55.   Ms.  Echols incorporates the preceding allegations by reference.

56. Express Auto failed or refused to put in place mechanisms to comply with the ECOA's adverse action notice requirements.

57. Those requirements serve as the primary means of record keeping permitting both private litigants and governmental entities to determine whether or not Express Auto is in compliance with the Act's anti-discrimination purposes.

58. Similarly, the adverse action notice provisions of the ECOA serve an important consumer education function.

59. These salutary purposes will be completely defeated if Express Auto is allowed to continue operating without compliance.

60. Additionally, Express Auto will gain an unfair competitive advantage over its competitors if is are permitted to continue operation without bearing the cost of compliance which are actually born by its market competitors who have complied with the adverse action notice requirements of the ECOA.

61. Accordingly, Ms. Echols requests that the Court enter and appropriate order enjoining further violations of the ECOA by Express Auto.

## Jury Demand

62. Roneca Echols demands a jury trial in this case.

## Request for Relief

63. Plaintiff requests that the Court grant the following relief:

   a.   *Award statutory and punitive damages;*

   b.   *Award statutory costs and attorney fees;*

c.      *A declaration that Express Auto has violated the ECOA and award injunctive*

      *relief to prevent further violations; and*

d.      *Any other relief as the Court deems necessary, just, and proper.*


Respectfully Submitted,

LYNGKLIP & ASSOCIATES,
CONSUMER LAW CENTER, PLC

By: s/ Sylvia S. Bolos_____
Sylvia S. Bolos (P78715)
Ian B. Lyngklip
Attorney for Roneca Echols
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
SylviaB@MichiganConsumerLaw.com

Dated: February 20, 2019