UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

RONECA ECHOLS,

    Plaintiff,

-vs-

Case No. 1:19-CV-00131
Hon. Janet T. Neff
Magistrate Judge: Ellen S. Carmody

EXPRESS AUTO, INC.,

    Defendant.

# PLAINTIFF'S RESPONSE TO
# DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S DEPOSITION

For the reasons set forth in the brief below, Ms. Echols requests that the Court deny the motion to compel Ms. Echols deposition based upon the undisclosed conflict of interest with the attorneys of Cardelli Lanfear.

        Respectfully Submitted,

        By:  s/ Ian B. Lyngklip
        Ian B. Lyngklip P47173
        LYNGKLIP & ASSOCIATES,
        CONSUMER LAW CENTER, PLC
        Attorney for Roneca Echols
        24500 Northwestern Highway, Ste. 206
        Southfield, MI 48075
        (248) 208-8864
        Ian@MichiganConsumerLaw.Com

Dated: August 5, 2019

UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

RONECA ECHOLS,

    Plaintiff,

 -vs-

EXPRESS AUTO, INC.,

    Defendant.

Case No. 1:19-CV-00131
Hon. Janet T. Neff
Magistrate Judge: Ellen S. Carmody

## BRIEF IN SUPPORT OF
## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL
## PLAINTIFF'S DEPOSITION

### INTRODUCTION

Defendant Express Auto, Inc. brings this motion to compel the deposition of the Plaintiff Roneca Echols. Ms. Echols has no opposition to being deposed. Ms. Echols does, however, object to being deposed by her former attorney who represented her in a substantially related matter while working for Lyngklip & Associates. For their part, the attorneys of Cardelli Lanfear argue that the prior representation of Ms. Echols by Attorney Kontry does not disqualify the firm. They argue that Mr. Kontry has no recollection of Ms. Echols and that his representation of Express Auto arises a significant time after his employment with Lyngklip & Associates.

This motion should fail for two obvious reasons. First, Express Auto has failed to identify the correct ethics rule governing their conduct in this case. Having failed to identify the governing ethics rule, Express Auto likewise fails to correctly analyze the conflict applicable to their attorney. That rule, MRPC 1.10 prohibits an attorney from representing a client in a "substantially related" matter. While Attorney Kontry provides basic information about his recollection, he fails to

address the overarching issues of another matter which was closely related to the earlier matter and is a direct precursor to this case. Specifically, Lyngklip & Associates undertook a complete credit review for Ms. Echols as the firm does in virtually all its cases. That credit review, which is initiated at the time of retention and then reoccurs annually or upon the client's request. Ms. Echols engaged the firm in May 2016 to assist her with 1) the review of her credit and 2) litigation of cases arising out of that review of her credit history.[1] Those services were materially related to this case, all requiring the review of Ms. Echols' private financial materials and other confidential client information. Defendant has now requested discovery of and production of these documents that were gathered during the representation of Ms. Echols in the two prior matters.

Second, MRPC 1.10 specifically requires that an attorney with a potential conflict promptly bring that conflict to the Court's attention so that the conflict may be reviewed by the Court. Express Auto's attorneys have failed to provide that prompt notice, and but for this motion, it appears they would never have done so.

Finally, notwithstanding its *pro forma* offer to meet and confer, (see Defendant's R.25- A), Express Auto's attorneys twice refused to discuss this conflict when specifically requested by Plaintiff's Counsel Ian Lyngklip and provided with dates for that meet and confer. As such, defendant has failed to satisfy its obligations under LR 7.1(d).

### STATEMENT OF PROCEDURAL FACTS

Ms. Echols filed this case on February 20, 2019 and alleged violations of the Equal Credit Opportunity Act ("ECOA"). On May 7, 2019, Attorney Frazier met and conferred with Plaintiff's

---

1 As a result of this ongoing relationship and credit review, Lyngklip & Associates has represented Ms. Echols in the following cases, each arising in part under the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq*. *Echols v. CARite of Kalamazoo*, Case No 17-00204; *Echols v Dick Genthe Chevrolet, Inc.*, Case No. 18-00278; *Echols v Express Auto,Inc.*,Case No. 19-00131.

Counsel to complete the Joint Discovery Plan. During that call, Attorney Frazier requested Ms. Echols' availability for a deposition. During that same call, Plaintiff's Counsel confirmed that June 24, 2019, one of the dates that Ms. Frazier's office had previously offered, was a mutually agreeable date for Ms. Echols' deposition. (See Email to Melanie Frazier dated May 7, 2019, R.25-2). On May 29, 2019, Attorney Frazier appeared on behalf of Express Auto at the Rule 16 Conference. (See R. 15 – Minute Entry).

On June 17, 2019, the day before Defendant's 30(b)(6) deposition, Attorney Frazier emailed Plaintiff's Counsel regarding the 30(b)(1) depositions of Express Auto employees. (Email from Melanie Frazier dated June 17, 2019, R.25- 3). To that email, she attached another email which was addressed to Bryan Kontry[2]. At that time, Mr. Kontry's involvement in the case had not been disclosed nor had Mr. Kontry filed an appearance in the case. More importantly, that email establishes that both Attorneys Kontry and Frazier acted affirmatively to conceal Mr. Kontry's involvement in the case from Plaintiff's Counsel and the Court.

On June 19, 2019, Mr. Kontry appeared and defended Plaintiff's Deposition of Express Auto's 30(b)(6) witness. Prior to starting the deposition, and after Mr. Kontry confirmed that he intended to file his appearance in the matter, Plaintiff's Counsel stated an objection to Mr. Kontry's participation on the grounds of conflict of interest. That same day, Plaintiff's Counsel advised Ms. Frazier of the objections to Mr. Kontry's appearance as presenting a conflict of interest with a former client. (Email to Ms. Frazier data June 19, 2019, R.25- 4). Plaintiff's Counsel advised further that Ms. Echols would not appear for deposition considering Mr. Kontry's former employment for Lyngklip & Associates at a time when Lyngklip & Associates represented her interests in related matters. *Id*.

---

2  Plaintiff's Counsel reasonably believes that email was not intended for Plaintiff's Counsel's eyes.

In response to Ms. Frazier's email denying the merit of any possible conflict, on June 21, 2019 Plaintiff's Counsel again raised the conflict of interest issue and confirmed that upon resolution, Ms. Echols would be produced for a deposition.  (Email to Melanie Frazier dated June 21, 2019, R.25- 5).  Rather than engaging in Plaintiff's requested meet and confer, Attorney Frazier directed Mr. Kontry to file the motion without the meet and confer:

> Please go ahead and file the motion to compel plaintiff's depo when you have time. I really want the judge to know they are being jerks.

Email from Attorney Frazier, dated July 3, 2019, R.25- 6.  Following a review of the conflict of interest matter with ethics counsel, Kenneth Mogill, Plaintiff's Counsel confirmed that the issue was governed by MRPC 1.9(c) and to avoid any conflict, recommended the withdrawal of Attorney Kontry's appearance and involvement in the matter:

> To be clear, we are willing to produce Ms. Echols for deposition by an attorney who has not had access to client confidences of Ms. Echols.

Email to Attorney Frazier, dated July 9, 2019, R.25- 7.  Plaintiff's Counsel then requested a meet and confer to determine if the parties could resolve the conflict.  *Id*.  That same day, Ms. Frazier refused and responded as follows:

> Please provide me with timesheets or other materials showing that Bryan worked on the Roneca Echols matter such that he would have access to client confidences. I cannot prepare for a meet and confer without these materials.

Email from Attorney Frazier, dated July 9, 2019, R.25- 8.  In this email, Ms. Frazier refused to meet and confer unless Plaintiff's counsel turned over materials unrelated to the case, and without a proper request for production.  As such, Defendant has not met and conferred concerning the issues underlying this motion and has refused to do so.

1. **<u>Substantially related matters.</u>**

   The seminal case on substantially related matters for the purpose of determining disqualification is *T.C. Theatre Corp. v Warner Bros. Pictures, Inc.*, 113 F. Supp. 265 (S.D.N.Y.

1953). In that case, the court outlined the client's burden in relation to a potential conflict and held that if the matters are substantially related, a conclusive presumption arises barring representation in the later matter:

> I am not in accord with Mr. Cooke that Universal is required to show that during the Paramount litigation it disclosed matters to him related to the instant case. Rather, I hold that the former client need show no more than that the matters embraced within the pending suit wherein his former attorney appears on behalf of his adversary are substantially related to the matters or cause of action wherein the attorney previously represented him, the former client. . . .

*T.C. Theatre,* supra at 268. In explaining its rationale, the court pointed out that attempting to evaluate the specifics of confidences revealed to the attorney would present an unfair burden on the client and would likewise force the revelation of confidences, effectively eviscerating the attorney-client privilege:

> To compel the client to show, in addition to establishing that the subject of the present adverse representation is related to the former, the actual confidential matters previously entrusted to the attorney and their possible value to the present client would tear aside the protective cloak drawn about the lawyer-client relationship. For the Court to probe further and sift the confidences in fact revealed would require the disclosure of the very matters intended to be protected by the rule. It would defeat an important purpose of the rule of secrecy to encourage clients fully and freely to make known to their attorneys all facts pertinent to their cause. . .

*T.C. Theatre,* supra at 268. Thus, the rationale underlying this rule bars inquiry into the specifics of the confidences and instead requires only that the Client show that the matters were substantially related.

Within this Circuit, the Court of Appeals has adopted this same analytical framework. The Court in *General Electric Co. v. Valeron Corp.*, 608 F.2d 265 (6th Cir. 1979) held that a former client may disqualify opposing counsel upon a showing of a substantial relationship between the a past matter and the matter at issue, without demonstrating specific confidences which were previously revealed:

> . . . .Valeron argues that the showing of a "substantial relation" between Cantor's prior work for General Electric and the instant litigation is not sufficient; it contends that it is necessary that General Electric show a substantial relation between Cantor's work for it and the actual issues of the present lawsuit and that such has not been shown. ***While we do not mean to indicate that Valeron would be entitled to prevail even if we accepted this view of the law, we note that this narrower formulation is not supported by case law generally and is contrary to the formulation as set out by this court in*** *Melamed*, 592 F.2d (6th Cir. 1979) at 292 and cases cited therein. As is stated in *Wilson P. Abraham Construction Co. v. Armco Steel Co.*, 559 F.2d 250 (5th Cir. 1977)….

*General Electric Co., supra* at 267-268.   Under this rule, the substantial relationship of the issues establishes a conclusive presumption that confidences have been shared such that the attorney may not represent another client against the consumer.   Within this district, Judge Cook has addressed the question of what constitutes a "substantially related" matter in *Anchor Packing Company, v Pro-Seal, Inc.*, 688 F. Supp. 1215 (E.D. Mich. 1988).   There, the court held that "a substantial relationship "is measured by the allegations in the complaint and by the nature of the evidence that would be helpful in establishing those allegations." *Id* at 1220.

## LAW & ARGUMENT

**1.      Defendant failed to confer in good faith, under Local Rule 7.1(d).**

Express Auto claims that Plaintiff failed or refused to meet and confer concerning the deposition of Ms. Echols (See R. 23 at PgId 112).   This statement mischaracterizes the discussions leading up to this motion.   Neither attorney Frazier nor Attorney Kontry initiated a phone call, nor did they provide dates for a meet and confer.   Additionally, to move this issue forward, Plaintiff's counsel offered his availability to meet and confer by proposed three dates and times. At this point and in response, Express Auto refused to meet and confer unless Plaintiff's counsel provided documentation of the work performed by Mr. Kontry for the Lyngklip & Associates firm. Express Auto refused to meet and confer on this core issue at the heart of this motion in the absence of those documents.   That conditioned demand does not satisfy either the letter or spirit of Local

Rule 7.1(d). More importantly, there is no basis for such a demand in either the Court Rules nor would such documents have informed the ethical concerns raised by Plaintiff's Counsel.

**2.     The Court should deny the motion until it has resolved the ethical concerns and conflict of interest attendant to Mr. Kontry.**

Ms. Echols objects to deposition by her former attorney – an attorney now representing a party adverse to her own interests. She has fully set forth the rules governing this issue and facts establishing 1) that a conflict of interest exists for Mr. Kontry, and 2) that the Cardelli Lanfear firm has violated MRPC 1.10 by failing to promptly notify the Court of this conflict. As noted by the commentary to MRPC 1.10 and the case law supporting it, clients should not be placed in the position of having to establish either specific confidences that may be compromised by a former attorney, nor should they have concern for the court prying into those confidences. See *T.C. Theatre Corp. v Warner Bros. Pictures, Inc.*, 113 F. Supp. 265 (S.D.N.Y. 1953). As such, the Rule allocates an affirmative duty onto the attorney to promptly bring any such conflicts with a former client to the attention of the Court.

Having failed to do so, the Court should deny the motion to compel Ms. Echols's deposition until such time as the Court has resolved the issue of Cardelli Lanfear's conduct[3].

### CONCLUSION

For the reasons stated in this motion and the accompanying motion to strike the appearance of Express Auto's attorneys, Ms. Echols requests that the Court deny this motion to compel her deposition.

---

3 Contemporaneous with the filing of the instant Response brief, Plaintiff's Counsel has filed a Motion to Disqualify Opposing Counsel.

        Respectfully Submitted,

        By:   s/ Ian B. Lyngklip
        Sylvia S. Bolos P78715
        Ian B. Lyngklip P47173
        LYNGKLIP & ASSOCIATES,
        CONSUMER LAW CENTER, PLC
        Attorney for Roneca Echols
        24500 Northwestern Highway, Ste. 206
        Southfield, MI 48075
        (248) 208-8864
        SylviaB@MichiganConsumerLaw.Com

Dated: August 5, 2019

# **CERTIFICATE OF SERVICE**

I certify that on August 5, 2019, I will electronically file the document above with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following persons:

| **Party** | **Manner** |
|---|---|
| Melanie Frazier<br>Bryan Kontry<br>Cardelli Lanfear, P.C.<br>322 W. Lincoln Ave.<br>Royal Oak, MI   48067 | Via CM/ECF System |

Respectfully Submitted,

By:   s/ Ian B. Lyngklip
Sylvia S. Bolos P78715
Ian B. Lyngklip P47173
LYNGKLIP & ASSOCIATES,
CONSUMER LAW CENTER, PLC
Attorney for Roneca Echols
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
SylviaB@MichiganConsumerLaw.Com

Dated: August 5, 2019